**Bernadette WILLIAMS,**
**Plaintiff–Appellee,**

v.

**Kenneth APFEL, Defendant–Appellant.**

**Docket No. 99–6055.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 22, 1999.

Decided Nov. 8, 1999.

Motion to Publish Jan. 26, 2000.

Decided Feb. 11, 2000.

Vincent Lipari, Assistant United States Attorney for the Eastern District of New York, Brooklyn, N.Y. (Zachary W. Carter, United States Attorney, of counsel), for Appellant.

Marc A. Strauss, New York, N.Y. (Fine, Olin & Anderman, of counsel), for Appellee.

Before, OAKES, LEVAL and POOLER, Circuit Judges.

OAKES, Senior Circuit Judge:

Plaintiff Bernadette Williams's application for disability benefits was denied by the Commissioner of Social Security ("The Commissioner") on the finding that Williams was capable of performing her

past work. The United States District Court for the Eastern District of New York, Charles P. Sifton, *Chief Judge,* concluded that Williams was unable to perform her past work and awarded disability benefits to her on that basis. The Commissioner now appeals, arguing that the district court erred in granting Williams's motion for judgment on the pleadings when it should have remanded the case for further administrative proceedings to determine Williams's ability to perform any other work in the national economy. We agree.

■ We review a district court's grant of judgment on the pleadings *de novo.* *See Clark v. Commissioner of Soc. Sec.,* 143 F.3d 115, 118 (2d Cir.1998). When reviewing a disability benefits determination, "our focus is not so much on the district court's ruling as it is on the administrative ruling." *Schaal v. Apfel,* 134 F.3d 496, 500–01 (2d Cir.1998) (quoting *Rivera v. Sullivan,* 923 F.2d 964, 967 (2d Cir. 1991)).

To determine whether an individual is entitled to disability benefits, the Commissioner employs a five-step sequential analysis. 20 C.F.R. § 404.1520; *Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir.1999). First, the Commissioner determines whether the individual is doing substantial gainful work. 20 C.F.R. § 404.1520(b). If she is not, the Commissioner then determines whether she has a severe impairment that limits her ability to do work-related activities. 20 C.F.R. § 404.1520(c). If such an impairment exists, the Commissioner then considers medical evidence to determine if the impairment meets or equals the criteria of an impairment listed in Appendix 1 to 20 C.F.R. Pt. 404, Subpt. P. (the "Listing of Impairments"). 20 C.F.R. § 404.1520(d). If the impairment does not meet or equal a listed impairment, the Commissioner proceeds to the fourth step and analyzes whether the impairment prevents the individual from doing her past work. 20 C.F.R. § 404.1520(e). Finally, if an individual cannot perform her past work, the Commissioner determines whether her impairment prevents her from doing any other work. 20 C.F.R. § 404.1520(f). If so, the Commissioner finds the individual disabled. *Id.*

■ As noted above, this five-step analysis is sequential. Thus, if an individual is found to be disabled (or not) at any step, the Commissioner is not required to proceed to the next step. 20 C.F.R. § 404.1520(a) ("We follow a set order to determine whether you are disabled.... If we can find that you are disabled or not disabled at any point in the review, we do not review your claim further."); *see also Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987) (Commissioner is required to bear burden of proof at step five "only if the sequential evaluation process proceeds to the fifth step.... If the process ends at step two, the burden of proof never shifts.").

Here, the Commissioner found that Williams retained the ability to perform her past clerical work and denied her benefits on that basis. Because Williams was found at step four not to be disabled, the Commissioner did not proceed to step five—and was not required to under the controlling regulation—to determine whether there was other work that Williams was capable of performing. The administrative record is therefore essentially undeveloped as to Williams's ability to do work other than her past clerical work.

■ The district court disagreed with the Commissioner's finding that Williams was able to perform her past clerical work. Rather than remanding for further proceedings under step five regarding Williams's ability to perform other work, the district court held that an award of benefits was appropriate. In support of this holding, the district court cited several cases in which a step four denial was reversed and benefits awarded without proceeding to step five. *See, e.g., Rivera,* 923 F.2d at 969–70; *Vargas v. Sullivan,* 898

F.2d 293, 296 (2d Cir.1990); *Arroyo v. Callahan,* 973 F.Supp. 397, 400 (S.D.N.Y. 1997).

We see no reason to disturb the district court's finding with respect to step four—namely, that Williams provided substantial evidence of her inability to perform her past clerical work. We do, however, find that the district court was required to remand the case so that step five of the sequential analysis could be completed and a full record developed before any award of benefits was made.

"Where there are gaps in the administrative record ..., we have, on numerous occasions, remanded to the Commissioner for further development of the evidence." *Rosa v. Callahan,* 168 F.3d 72, 82–83 (2d Cir.1999) (quoting *Pratts v. Chater,* 94 F.3d 34, 39 (2d Cir.1996)). Most recently, in *Tejada,* we determined that the district court had improperly upheld the Commissioner's step four finding that Tejada was able to return to her past employment. 167 F.3d at 773–76. Accordingly, we remanded to the district court "with instructions that the matter be remanded to the Commissioner for a rehearing and determination confined to step five of the sequential analysis." *See id.* at 776; *see also Rosa,* 168 F.3d at 83 ("Because 'further findings' would so plainly help to assure the proper disposition of Rosa's claim, we believe that remand is "particularly appropriate" in this case.") (quoting *Pratts,* 94 F.3d at 39). As *Tejada* makes clear, a remand for further proceedings is the appropriate remedy when an erroneous step four determination has precluded any analysis under step five.

The cases cited by the district court, in which benefits were awarded without proceeding to step five, involved more complete records than the record here. In those cases, the records provided persuasive evidence of total disability that rendered any further proceedings pointless. *See Rivera,* 923 F.2d at 970 ("[T]he record fails to reveal any evidence which could support a finding that Rivera was capable

of performing substantial gainful work which was available in the national economy."); *Vargas,* 898 F.2d at 296 (award of benefits appropriate when there was "infinitesimal likelihood" of employment); *Arroyo,* 973 F.Supp. at 400 ("the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose")(internal quotations omitted). We cannot say that the record in this case is sufficiently complete or persuasive with respect to disability as to make a remand unnecessary.

Because the district court erred in awarding benefits, the judgment of the district court is vacated. We remand to the district court with instructions that this case be remanded for further administrative proceedings limited to a determination under step five.