**Linda M. TAPPAN, Plaintiff–Appellant,**

v.

**William A. HALTER, Acting Commissioner of Social Security, Defendant–Appellee.**

No. 00–6352.

United States Court of Appeals, Second Circuit.

May 31, 2001.

Peter A. Gorton. Lachman & Gorton, Endicott, NY, for appellant.

Harry A. Valetk, Assistant Regional Counsel, for Barbara L. Spivak, Regional Chief Cousel, Region II, Office of the General Counsel, Social Security Administration, New York, NY, for appellee.

Present FEINBERG, GRAAFEILAND and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from the judgment of the United States District Court for the Northern District of New York (David E. Peebles, *Magistrate Judge* ), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Linda M. Tappan ("plaintiff") appeals from a judgment of the United States District Court for the Northern District of New York (David E. Peebles, *Magistrate Judge* ),[1] affirming the Commissioner of Social Security's denial of her application for Disability Insurance Benefits. Plaintiff had applied for benefits in December 1996 based on injuries and continuing pain allegedly sustained in a motor vehicle accident in July 1995. The district court based its decision on a review of the findings of the Administrative Law Judge ("ALJ"), plaintiff's testimony at a hearing before the ALJ prior to the ALJ's decision, and the medical evidence in the record.

■ Before granting a claimant disability benefits, a claimant must demonstrate that: (1) she is not currently engaged in a substantial gainful activity; (2) she suffers from a "severe" impairment; and (3) that impairment meets or equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. If the impairment does not meet or equal the regulatory

---

1. The case was referred by the district court to Magistrate Judge Peebles who ordered the entry of judgment by consent of the parties pursuant to Federal Rule of Civil Procedure 73.

**32**

criteria, the claimant must demonstrate instead that: (4) the severity of the impairment nevertheless makes her incapable of performing her past relevant work; and (5) given her age, education, past work experience, and residual functioning capacity, she is incapable of performing other work which exists in the national economy. *See Williams v. Apfel,* 204 F.3d 48, 49 (2d Cir.1999). The ALJ found that plaintiff was not currently engaged in a substantial gainful activity and suffered from a "severe" impairment, but that her non-listed impairment was not so severe that she was incapable of performing her past relevant work as a travel coordinator.

■ In reviewing the denial of Social Security benefits by the Commissioner, this Court will "set aside [an] ALJ's decision only where it is based upon legal error or is not supported by substantial evidence." *Balsamo v. Chater,* 142 F.3d 75, 79 (2d Cir.1998). For substantially the reasons set forth in the district court's opinion, we agree that the correct legal standard was applied here and that the ALJ's decision was supported by substantial evidence. We note in particular that even the reports of plaintiff's own treating physician did not reveal any significant objective medical findings, *see* 20 C.F.R. § 404.1529(a) (explaining that "statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged"), 20 C.F.R. § 416.929(c)(3) (same), and that the focus of his concern appeared to be the harmful effects of her two-hour round-trip commute to her job rather than the nature of the job of travel coordinator itself, *see Jock v. Harris,* 651 F.2d 133, 135 (2d Cir.1981) (holding that claimant must show inability to perform *type* of work previously performed, not simply inability to continue in current job).

■ Because the ALJ determined that the objective medical evidence did not fully support plaintiff's subjective pain complaints, the ALJ was required to consider other factors in evaluating those complaints such as her daily activities, medications taken, and other treatment or measures taken to relieve symptoms. 20 C.F.R. § 404.1529(c)(3). We find that substantial evidence supports the ALJ's finding that plaintiff could take care of her personal needs and household chores—"laundry, cleaning, cooking, etc." While plaintiff's activities in that regard may have been somewhat restricted, plaintiff testified at the hearing that she drove an automobile, dressed and bathed unassisted, did some light cooking, made the beds, did the laundry, and washed the dishes. As the district court pointed out, she also testified that she attended church, took walks and sometimes performed strengthening exercises. We similarly find that the ALJ properly took into account that plaintiff "takes no prescription medication" notwithstanding plaintiff's claim on appeal that the record reflects that she tried certain such medications and gave them up due to "adverse side effects." Regardless of the reasons for not using them, it is undisputed that plaintiff engaged in the described activities without using prescription pain medication to treat her pain. Moreover, the record indicates that plaintiff stopped using the prescription medication not just because of side effects but also because she claims it did not relieve her pain, a fact properly to be considered in evaluating plaintiff's overall condition.

Because the above evidence does not compensate for the insufficient objective medical findings in the record supporting plaintiff's subjective pain complaints, and

finding no merit in plaintiff's remaining arguments, we hereby AFFIRM the decision of the district court.