**Colleen M. KRESS, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

**No. 02–CV–6390L.**

United States District Court, W.D. New York.

Jan. 9, 2004.

Colleen M. Kress, pro se, Rochester, NY, for Plaintiff.

Brian M. McCarthy, U.S. Attorney's Office, Rochester, NY, for Defendant.

*DECISION AND ORDER*

LARIMER, District Judge.

In her *pro se* complaint, plaintiff appeals from a final decision of the Commissioner denying her disability insurance benefits and supplemental security income. The Commissioner has moved to remand the case for a rehearing pursuant to the fourth sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). (Dkt.# 9). The Commissioner concedes that the Administrative Law Judge ("ALJ") erred when determining plaintiff's mental residual functional capacity by failing to explain adequately the basis for that determination and by failing to consider the opinion of a consultative psychologist. The Commissioner also concedes that the ALJ erred in determining that, despite her mental residual functional capacity, plaintiff could perform her past relevant work as a rental agent and sales associate without discussing the basis for that conclusion. Plaintiff does not appear to object to a remand.

The motion to remand pursuant to the fourth sentence of section 205(g) is granted, the Commissioner's decision is reversed, and the Commissioner is directed to conduct a rehearing concerning plaintiff's claims and, specifically, to address those matters conceded as errors in the Commissioner's motion papers in this Court.

■ Although the ALJ erred, this case is not one that justifies a remand for calculation and payment of benefits. Such a directive by this Court is appropriate only if the record provides "persuasive evidence of total disability that render[s] any further proceedings pointless." *Williams v. Apfel,* 204 F.3d 48, 50 (2d Cir.1999) (citations omitted). The record here is in some conflict concerning plaintiff's mental residual functional capacity and, because the ALJ determined that plaintiff could perform her past relevant work, there has been no fifth-step analysis as to whether other jobs exist in the national economy that plaintiff could perform. Therefore, further administrative proceedings are necessary. *Id.* ("a remand for further proceedings is the appropriate remedy when an erroneous step four determination has precluded any analysis under step five.").

■ I note that in response to the Commissioner's motion for remand, plaintiff sent documents to the Court, including original medical records, that are not part of the certified transcript, and some of which postdate the Commissioner's final decision. The Court cannot consider these documents for the first time at this juncture. Because the Court is remanding the case for further administrative proceedings, the Commissioner is directed to determine whether these documents should be considered new evidence material to the disability determination, such that they should be considered in the rehearing. *See* 20 C.F.R. §§ 404.977, 404.983; 20 C.F.R. §§ 416.1477, 416.1483. The Assistant United States Attorney assigned to this case is directed to take possession of these documents (which were sent by plaintiff and received by this Court on April 24, 2003 and May 29, 2003, respectively) and transmit them to the appropriate authorities at the Social Security Administration for proper appropriate consideration consistent with this Decision and Order.

**CONCLUSION**

The Commissioner's motion to remand (Dkt.# 9) pursuant to the fourth sentence of section 205(g) of the Social Security Act is granted, the decision of the Commissioner is reversed, and the case is remanded to the Commissioner of the Social Security

Administration for further proceedings consistent with this Decision and Order.

IT IS SO ORDERED.