For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**

Jay BROCKWAY, Sr. Plaintiff–
Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.

No. 03–6150.

United States Court of Appeals,
Second Circuit.

April 13, 2004.

Mark A. Schneider, Plattsburgh, NY, for Appellant.

Sixtina Fernandez, Assistant Regional Counsel (Lisa de Soto, General Counsel, Social Security Administration, Barbara L. Spivak, Chief Counsel—Region II, on the brief), New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge, VAN GRAAFEILAND, and STRAUB, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Jay Brockway, Sr., appeals from the July 1, 2003 judgment of the district court dismissing on the pleadings Brockway's action against defendant-appellee Jo Anne B. Barnhart, the Commissioner of Social Security ("Commissioner" or "SSA"), seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's denial of Brockway's claim for disability insurance benefits.

Brockway suffered a work-related back injury in 1989 and went on temporary disability pursuant to workers' compensation. His treating physician, Dr. Christopher Horn, found that Brockway had suffered a permanent partial disability of 20% that precluded him from returning to his past relevant work in construction. Brockway's eligibility for Social Security disability insurance benefits terminated on December 31, 1994, his "date last insured" ("DLI"). In reports immediately prior to and after his DLI, Dr. Horn indicated that Brockway's partial disability would not prevent him from engaging in light work.

Between January 1997 and December 1998, Brockway worked approximately 15 hours per week performing light work. Thereafter, however, his condition deteriorated. In June of 1999, Brockway filed his first application for SSA disability benefits. The SSA denied the benefits, and Brockway sought a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ affirmed the SSA's denial of benefits by decision dated July 19, 2000. As an initial matter, the ALJ determined that to be eligible for benefits, Brockway would have to establish that he was disabled on or prior to December 31, 1994, his DLI. Applying the five-step evaluation required by regulation to Brockway's medical records and the evidence adduced at the hearing, *see* 20 C.F.R. § 404.1520; *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir.1999), the ALJ concluded that as of the date of his DLI, (1) Brockway had not engaged in substantial gainful activity since his 1989 injury; (2) Brockway had suffered a "severe impairment" that significantly limited his physical ability to do basic work activities; (3) the clinical findings of Brockway's impairment did not meet the required severity and diagnostic criteria to qualify for presumptive disability under Appendix A of the SSA regulations; (4) Brockway had demonstrated sufficient impairment to prevent him from returning to his past relevant work as a mason tender,; and (5) Brockway retained the residual functional capacity ("RFC") to perform a full range of light work activity.

After the Appeals Council denied review, Brockway sought review in the district court pursuant to 42 U.S.C. § 405(g). The district court referred the matter to Magistrate Judge David E. Peebles, who issued a Report and Recommendation dated May 12, 2003 (the "R & R") recommending dismissal. In granting the Commissioner's motion to dismiss, the district court approved and adopted the R & R in its entirety.

On appeal, Brockway renews the claims he raised in the district court. Specifically, Brockway argues that (1) the ALJ violated the treating physician rule by ignoring a letter from his treating physician, Dr. Horn, that stated that Brockway had become incapable of working prior to his DLI; (2) the ALJ erred in determining that Brockway was not presumptively disabled as a matter of law under Appendix A; (3) the ALJ erred in finding Brockway capable of a full range of light work; and (4) the ALJ erred in ignoring Brockway's subjective testimony of pain and the effects of pain medication.

In reviewing *de novo* the district court's judgment on the pleadings, "our focus is not so much on the district court's ruling

as it is on the administrative ruling." *Williams v. Apfel,* 204 F.3d 48, 49 (2d Cir.1999) (internal quotation marks omitted). We may reverse the administrative determination only if it is not supported by substantial evidence, based upon the entire administrative record. 42 U.S.C. § 405(g); *see also Brown v. Apfel,* 174 F.3d 59, 61–62 (2d Cir.1999) (per curiam). Substantial evidence is "more than a mere scintilla," and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (internal quotation marks omitted).

Having thoroughly considered appellant's arguments and the record below, we agree with the district court that the ALJ applied the correct legal principles and that his factual findings were supported by substantial evidence.

■ As noted by the Magistrate Judge, the only statements by Dr. Horn that would have supported a finding that Brockway was incapable of any type of work prior to his DLI were contained in a letter dated August 8, 2000, in which he stated, in part, "During the time prior to 1994, [Brockway] was not able to sustain regular work at any capacity." This letter was never before the ALJ, however, as the ALJ's decision was issued approximately two weeks before the August 8 date on the letter. Instead, the letter was submitted as new evidence to the Appeals Council, which issued an order making it a part of the record. The Appeals Council nevertheless denied Brockway's request for review of the ALJ's decision after expressly "conclud[ing] that th[e letter did] not provide a basis for changing the [ALJ's] decision." Given the fact that Dr. Horn's opinion in his 2000 letter was inconsistent with all of the prior medical evidence, including Dr. Horn's contemporaneous progress notes, 20 C.F.R. § 404.1527, we find this conclusion to have been based on substantial evidence.

■ Brockway asserts that he met all of the requirements under Pt. 404, Subpt. P, app. 1 § 1.05(c) to qualify for presumptive disability under Step 3 of the ALJ's analysis. We find no basis for disturbing the ALJ's conclusion that he was not presumptively disabled because Brockway has adduced no medical records prior to 1999, that suggest he suffered sufficient "appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss," as required by § 1.05(c)(2). Contrary to Brockway's assertions, moreover, his subjective assertions of pain could not provide a basis for satisfying the diagnostic criteria required for a finding of presumptive disability. *See Tejada,* 167 F.3d at 774 (noting that in determining presumptive disability, the "inquiry is whether, *based solely on medical evidence,* the claimant has an impairment that is listed in" Appendix 1 of the regulations) (emphasis added).

■ The ALJ's conclusion that Brockway retained the RFC to perform a full range of light work activity prior to his DLI was based on his careful and detailed review of Dr. Horn's progress notes, reports from other treating physicians, clinical reports, Brockway's testimony at the hearing, and the independent review conducted by the agency's consulting physician. These records provided substantial evidence in support of the ALJ's decision.

■ Finally, we reject Brockway's claim that the ALJ ignored his subjective assertions of pain and the side effects of his medications in assessing his RFC to perform any activity. The ALJ credited Brockway's testimony concerning pain, but concluded that his testimony concerning his activities prior to 1994 demonstrated

an ability to do light work. As for the effects of his pain medications, the medical records indicate that prior to 1994, he was generally prescribed Vicodan for use "on occasional basis." In addition, the medical reports do not reflect any complaints by Brockway about the effects of these medications, and in his 1999 application for disability benefits, Brockway asserted that he suffered no side effects from his medications.

Accordingly, for the foregoing reasons, the judgment of the district court is hereby AFFIRMED.