Kevin BECKLES, Plaintiff,

v.

Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant.

No. 03–CV–1184 (SJF).

United States District Court,
E.D. New York.

Oct. 13, 2004.

Michael Joseph J. Barnas, New York, NY, for Plaintiff.

**OPINION & ORDER**

FEUERSTEIN, District Judge.

I. Introduction

Kevin Beckles ("Beckles" or "plaintiff") commenced this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the decision by the Commissioner of Social Security ("the Commissioner") that plaintiff is not entitled to disability benefits as provided in Title II of the Social Security Act. The Commissioner has moved for remand to the Social Security Administration ("SSA") for further proceedings. Plaintiff has moved for a judgment on the pleadings and remand for the calculation and award of benefits. For the reasons set forth below, the case is remanded for a calculation of disability benefits.

II. Background

Plaintiff filed an application for disability insurance benefits with the SSA on April 24, 2001, alleging an inability to work due to back and leg injuries. (Tr. 73–76, 79). The application was denied, (Tr. 61, 62–65),

and plaintiff requested a hearing which was held before Administrative Law Judge David Z. Nisnewitz ("the ALJ") on May 29, 2002. (Tr. 24–60). The ALJ issued a decision on August 13, 2002 which denied the claim and found that plaintiff could perform sedentary work.[1] (Tr. 10–21). Plaintiff timely requested a review of the ALJ's decision, which was denied by the Appeals Council on January 2, 2003. (Tr. 3–4). This action followed.

### III. Legal Standard

#### A. Standard of Review

■■■■ A district court's review of the denial of social security benefits is confined to whether there is "substantial evidence" to support the Commissioner's decision. 42 U.S.C. § 405(g) ("The findings of the Commissioner ... as to any fact, if supported by substantial evidence, shall be conclusive ...."); *see also Shaw v. Chater,* 221 F.3d 126, 131 (2d Cir.2000) ("[W]e conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied."). Therefore, the court must affirm the Commissioner's decision if it is supported by substantial evidence even if the district court might have ruled differently were it to have made the initial determination. *Schauer v. Schweiker,* 675 F.2d 55, 57 (2d Cir.1982). "The Social Security Act is a remedial statute which must be liberally applied; its intent is inclusion rather than exclusion." *Marcus v. Califano,* 615 F.2d 23, 29 (2d Cir.1979); *see also Vargas v. Sullivan,* 898 F.2d 293, 296 (2d Cir.1990); *Williams v. Bowen,* 859 F.2d 255, 260 (2d Cir.1988).

■■ In this context, substantial evidence has been defined as " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). "In determining whether substantial evidence supports a finding of the [Commissioner], the court must not look at the supporting evidence in isolation, but must view it in light of the other evidence in the record that might detract from such finding, including, any contradictory evidence and evidence from which conflicting inferences may be drawn." *Rivera v. Sullivan,* 771 F.Supp. 1339, 1351 (S.D.N.Y.1991).

#### B. Determining Disability

Title II of the Social Security Act ("the Act") defines disability as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A) (2000). An individual may be determined to be under a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." *Id.* § 423(d)(2)(A).

■■ SSA regulations establish a five-step sequential analysis by which the

---

**1.** "Sedentary work is the least rigorous of the five categories of work recognized by SSA regulations. These include 'very heavy', 'heavy', 'medium', 'light', and 'sedentary.' "

*Schaal v. Apfel,* 134 F.3d 496, 501 n. 6 (2d Cir.1998) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 2).

Commissioner is required to evaluate a claim for disability benefits. *Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir.2002); 20 C.F.R. § 404.1520 (2004). First, the Commissioner must determine whether the claimant is doing substantial gainful work. 20 C.F.R. § 404.1520(b). Second, if the claimant is not doing substantial gainful work, the Commissioner must then determine whether he or she has a "severe impairment." *Id.* § 404.1520(c). Third, if a severe impairment exists, the Commissioner must next consider medical evidence to determine if the claimant has an impairment listed in Appendix 1 of the regulations. *Id.* § 404.1520(d). Fourth, if the claimant does not have a listed impairment, the Commissioner must analyze whether the impairment prevents the claimant from doing his or her past work. *Id.* § 404.1520(e). Finally, if the claimant cannot perform past work, the Commissioner must determine whether the impairment prevents him or her from doing any other work. *Id.* § 404.1520(f). If so, the Commissioner must find the claimant disabled. *Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir.2000); *Williams v. Apfel*, 204 F.3d 48, 49 (2d Cir.1999). The claimant bears the burden of proof on the first four steps of the aforementioned analysis. However, once the claimant has met his or her burden, the Commissioner then has the burden of proving that the claimant still retains "a residual functional capacity to perform alternative substantial gainful work which exists in the national economy". *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986). The Commissioner's burden at the fifth step is usually determined "by resorting to the applicable medical vocational guidelines (the grids), 20 C.F.R. Pt. 404, Subpt. P, App. 2 (1986)." *Id.* Taking into account the claimant's residual functional capacity, age, education, and work experience, the grids indicate whether the claimant is able to engage in any substantial gainful work existing in the national economy. *Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir.1999)

## IV. Analysis

### A. The Commissioner's Findings

■ In his decision, the ALJ found that plaintiff: (1) had not engaged in substantial gainful activity since the alleged onset of disability; (2) had leg and back injuries that were "severe"; (3) did not have an impairment or combination of impairments listed in or equivalent to those listed in Appendix 1, Subpart P, Regulation No. 4; (4) was unable to perform his past work as a security agent and machinist helper; (5) had the residual functional capacity to perform sedentary work; and (6) based upon his residual functional capacity to perform sedentary work, age, education, and work experience, Medical–Vocational Rule 201.24 precluded a finding of disability. (Tr. 20–21).

### B. Objections to the Commissioner's Decision

The Commissioner contends that remand is necessary because the decision below contains legal errors that preclude this Court from affirming the denial of benefits. (Mem. of Law in Supp. of Commissioner's Mot. at 2). Specifically, the Commissioner argues that the ALJ should explain: (1) what weight, if any, he attributed to the opinions of plaintiff's treating doctors and (2) the basis for his residual functional capacity assessment that plaintiff is capable of doing sedentary work. (*Id.* at 2–3). Plaintiff submits that the Commissioner's findings were not supported by substantial evidence, and the decision should be reversed and remanded only for the calculation of benefits. (Pl.'s Mem. of Law in Supp. of Mot. at 18).

## C. Treating Physician Rule

■ The "treating physician rule" is a standard for evaluating the substantiality of the evidence that gives enhanced weight to the findings and opinions of treating physicians. According to the Federal Code of Regulations:

> Generally, we give more weight to opinions from your treating sources .... If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight.

20 C.F.R. § 404.1527(d)(2); *see also Kamerling v. Massanari*, 295 F.3d 206, 209 n. 5 (2d Cir.2002).

■ "When other substantial evidence in the record conflicts with the treating physician's opinion, that opinion will be deemed less than controlling. And the less consistent that opinion is with the record as a whole, the less weight it will be given." *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir.1999). The following factors should be considered by the ALJ when determining the weight to be given to such an opinion: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the evidence that supports the treating physician's report; (4) how consistent the treating source's opinion is with the record as a whole; (5) the specialization of the source in contrast to the condition being treated; and (6) any other significant factors. 20 C.F.R. § 404.1527(d)(2); *see also Shaw*, 221 F.3d at 134; *Clark v. Commissioner of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir.1998). The notice of determination or decision must explain the weight given to the treating physician's opinion. 20 C.F.R. § 404.1527(d)(2).

In his decision, the ALJ outlines several reports completed by Dr. Steven Touliopoulos, plaintiff's treating physician. However, the ALJ's decision neither explained the relative weight applied to Dr. Touliopoulos's medical opinions nor provided any reason for not crediting the opinion of plaintiff's treating physician.

■ "According to the SSA, sedentary work generally involves up to *two hours of standing or walking* and *six hours of sitting* in an eight-hour work day." *Curry v. Apfel*, 209 F.3d 117, 123 (2d Cir.2000) (internal citation omitted) (emphasis in original); *see also Carroll v. Secretary of Health and Human Servs.*, 705 F.2d 638, 643 (2d Cir.1983) ("By its very nature 'sedentary' work requires a person to sit for long periods of time even though standing and walking are occasionally required."); 20 C.F.R. § 404.1567 ("Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."). Nevertheless, the ALJ found that plaintiff had the residual functional capacity for sedentary work. (Tr. 20). Despite the inconsistency of Dr. Touliopoulos's assessment of plaintiff's physical exertion limitations and the ALJ's finding that plaintiff had the residual functional capacity to perform sedentary work, the ALJ failed to discuss the weight, if any, he gave to Dr. Touliopouos's opinion. "Failure to provide 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." *Snell*, 177 F.3d at 133 (*citing Schaal*, 134 F.3d at 503).

On May 15, 2002, Dr. Touliopoulos concluded that plaintiff could stand or walk for thirty (30) minutes continuously and for a total of one (1) hour in an eight (8) hour day, and that a cane was medically required to aid walking. (Tr. 337–38).

Dr. Touliopoulos further noted that plaintiff was unable to sit for more than thirty (30) minutes at a time and one (1) hour cumulatively. (Tr. 337). With respect to plaintiff's ability to lift and carry, Dr. Touliopoulos checked off the "Rarely/None" field next to all weight ranges on the Medical Source Statement form. (Tr. 339).

### D. State Agency Functional Assessment

Moreover, the ALJ heavily relied upon non-medical evidence to support his conclusion that plaintiff could perform sedentary work. The ALJ noted that a "[s]tate agency *medical consultant* [ ] who previously examined the record and documented his findings have [sic] concluded that the claimant was capable of sedentary work activity at the time of the assessment." (Tr. 18) (emphasis added). The Commissioner concedes that "the ALJ mistook a functional assessment completed by a state agency disability adjudicator as medical source evidence," (Mem. of Law in Supp. of Commissioner's Mot. at 5), and the record does not include a functional assessment of plaintiff's limitations (i.e. a physical residual functional capacity ("RFC") assessment) from a state agency physician. Nonetheless, the ALJ gave "considerable weight" to the opinion of the state agency "medical consultant" and thus an essential basis for the determination that plaintiff was capable of sedentary work was misplaced.

### E. Consulting Physicians

The ALJ also considered examinations by Dr. Kyung Seo on May 15, 2001 and Dr. Henry Marano, Jr. on January 14, 2002. (Tr. 17–18). Although Dr. Seo and Dr. Marano, Jr. provided analyses of plaintiff's physical condition, neither doctor specifically assessed plaintiff's limitations. Dr. Seo noted that "standing, walking is severely limited, [and that] bending, lifting and carrying heavy objects is severely limited." (Tr. 282). According to Dr. Seo, plaintiff's prognosis was "guarded." (Tr. 282). Dr. Marano, Jr. concluded that plaintiff had a "marked partial orthopedic disability." (Tr. 347). The opinions of these medical consultants do not provide substantial evidence that plaintiff could perform sedentary work. *See Hiciano v. Massanari,* No. 97–4037, 2001 WL 1230524, at *6 (S.D.N.Y. Oct.16, 2001).

### F. Remand for the Calculation of Benefits

The ALJ's determination that plaintiff had the residual functional capacity to perform sedentary work is not supported by substantial evidence. Plaintiff's treating physician, Dr. Touliopoulos, noted that plaintiff could neither sit, stand, or walk for more than thirty (30) minutes at a time and one (1) hour cumulatively, and such limitations fall below the general minimal requirements for sedentary work. Additionally, the ALJ placed "considerable weight" on non-medical evidence when concluding that plaintiff could perform sedentary work and non-treating physicians who examined plaintiff did not specifically measure his ability to walk, sit, stand, carry, or lift. In sum, the Commissioner failed to sustain her burden of proving that plaintiff could perform the exertional requirements of sedentary work.

 Generally, remand to the Commissioner for further development of the evidence is appropriate if "there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa,* 168 F.3d at 82–83. However, where the reversal is based solely on the Commissioner's failure to sustain [her] burden of adducing evidence of the claimant's capability of gainful employment and the Commissioner's finding that the

claimant can engage in 'sedentary' work is not supported by substantial evidence, no purpose would be served by ... remanding the case for rehearing .... *Curry*, 209 F.3d at 124 (internal citations omitted). Since the Commissioner did not meet her burden on the fifth step, "remand for the sole purpose of calculating an award of benefits is mandated." *Id.; see also Balsamo v. Chater*, 142 F.3d 75, 82 (2d Cir.1998).

V. Conclusion

For the reasons set forth above, plaintiff's motion for judgment on the pleadings and remand for the calculation and award of benefits is GRANTED, and the Commissioner's motion to remand for further proceedings is DENIED. This case is remanded to the Commissioner for a calculation of disability benefits. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.