**Sandra LAMOREY, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.**

No. 05–2957.

United States Court of Appeals, Second Circuit.

Jan. 19, 2006.

Craig Jarvis, Biggam, Fox & Skinner, Montpelier, Vermont, for Appellant.

Melissa A.D. Ranaldo, Assistant United States Attorney for David V. Kirby, United States Attorney for the District of Vermont, for Appellee.

PRESENT: Honorable WILFRED FEINBERG, Honorable AMALYA L. KEARSE, and Honorable REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiff Sandra Lamorey appeals from a judgment of the district court upholding a final determination by the Commissioner of Social Security denying Lamorey's application for disability insurance benefits. We review the district court's determination *de novo*, undertaking our own plenary review of the administrative record to determine whether the Commissioner's decision was based on the correct legal standard and supported by substantial evidence. *See Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir.2004) *(per curiam)*; *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir.2000). We assume the parties' familiarity with the facts of this case and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. *Treating Physician Rule*

Lamorey submits that the Administrative Law Judge ("ALJ"), in denying her benefits, failed to give proper consideration to the opinion of her treating psychologist, Dr. Rodger Kessler, that Lamorey was "substantially disabled" by depression. Although the disability opinion of a treating physician or psychologist is not binding on the Commissioner, *see* 20 C.F.R. § 404.1527(e)(1), she must give it controlling weight when it is well-supported by medical findings and not inconsistent with other substantial evidence, *see id.* § 404.1527(d)(2); *Halloran v. Barnhart*, 362 F.3d at 31; *see also* 20 C.F.R. § 404.1513(a)(2) (listing licensed or certified psychologist as an acceptable medical source). Here, the ALJ noted Dr. Kessler's opinion that Lamorey had "poor or no ability" to function in work-related activities, but he declined to give Dr. Kessler's opinion controlling weight due, in part, to the absence of treatment notes supporting his opinion. Lamorey contends that this determination was error because the ALJ failed to request Dr. Kessler's treatment notes as part of his duty to develop the record. *See Shaw v. Chater*, 221 F.3d at 131; *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir.1996); *see also Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir.1999).

Generally, when an ALJ fails adequately to develop the record, we remand for further proceedings. *See Rosa v. Callahan*, 168 F.3d at 79–81. Remand is unnecessary in this case, however, because Lamorey submitted treatment notes from Dr. Kessler for the insured period to the Appeals Council. Thus, by the time the Commissioner's decision became final upon denial of review by the Appeals Council, the record was adequately developed. *See* 20 C.F.R. § 404.970(b) (providing that where

new and material evidence is submitted to the Appeals Council, the entire record is evaluated); *see also Schaal v. Apfel,* 134 F.3d 496, 505 (2d Cir.1998).

■ Having conducted a *de novo* review of the administrative record, including the additional treatment notes of Dr. Kessler, *see Perez v. Chater,* 77 F.3d at 45 (holding that additional records submitted to the Appeals Council are part of the administrative record for judicial review), we conclude, as the district court did, that substantial evidence supports the Commissioner's determination that Dr. Kessler's disability opinion is not entitled to controlling weight. Dr. Kessler's opinion is not only inconsistent with other record evidence, notably the reports of Dr. Stoll and consulting expert Brian Ward, but it is also belied by his treatment notes.[1]

### 2. *Consideration of Social Security Consulting Expert*

Lamorey further faults the ALJ for failing to give proper consideration to mental limitations identified by Brian Ward, M.S.W., a consulting source.

■ As a preliminary matter we note that the opinions of consulting sources, unlike those of treating sources, are entitled to no special deference. *Cf.* 20 C.F.R. § 404.1527(d)(2) (noting that treating physician's opinion is generally given more weight). Ward examined Lamorey in July 2000, seven months after her insured status expired, and he did not offer a retrospective opinion. In any event, even assuming that Ward's evaluation was

probative of Lamorey's condition during the relevant time period, his report, which is discussed in some detail by the ALJ, does not support her total disability claim. Ward concluded that Lamorey's ability to perform most work-related activities was "[G]ood." Although he reported that Lamorey's concentration appeared to be "somewhat impaired," he ultimately concluded that her concentration was "adequate," and that "[n]othing in the assessment suggest[ed] she couldn't respond appropriately to a work situation."

### 3. *Credibility*

Lamorey argues that, because the ALJ had failed to develop the record, he could not cite the lack of clinical findings as a basis for discrediting her testimony as to the extent of her disability. Even if the ALJ erred in his development of the record, Lamorey's argument is unconvincing because, as we have already observed, the Appeals Council had the benefit of relevant treatment notes when it upheld the ALJ's adverse credibility determination.

Equally unpersuasive is Lamorey's contention that the ALJ erred in basing his credibility determination on her daily activities. As the district court observed, it is entirely appropriate for an ALJ to consider a claimant's daily activities in assessing her credibility and capacity to perform work-related activities. *See* 20 C.F.R. § 404.1529(c)(3)(i). Although our independent review of the record confirms the district court's finding that the ALJ somewhat overstated Lamorey's volunteer activities, we nevertheless agree with its conclusion that the record contains substantial

---

1. We note that Lamorey submitted additional notes from Dr. Kessler to the district court reflecting further treatment during 2000. Because these notes had not been submitted to the Appeals Council, they are not properly considered on court review. *See* 42 U.S.C. § 405(g); *Perez v. Chater,* 77 F.3d at 45. In any event, the 2000 notes are not "material,"

in that they do not relate to Lamorey's condition during the insured period. *See Jones v. Sullivan,* 949 F.2d 57, 60 (2d Cir.1991). Further, as the district court correctly concluded, like the doctor's 1999 treatment notes, they do not support Lamorey's claim that she is totally disabled.

evidence of routine activities by Lamorey inconsistent with her claimed total disability.

### 4. *Lamorey's Ability to Perform Other Work*

Pursuant to the prescribed five-step sequential analysis for disability claims, *see, e.g., Butts v. Barnhart*, 388 F.3d 377, 380–81, 383 (2d Cir.2004), the ALJ concluded that Lamorey had failed to carry her burden at step four by demonstrating an inability to perform her past work as a receptionist. The district court ruled that this conclusion was not supported by substantial evidence. Nevertheless, it decided that no remand for step five analysis was necessary because the record plainly demonstrated that the government had adduced sufficient evidence of Lamorey's ability to perform other jobs in the economy because it showed that she had skills transferrable to the job of information clerk.

Lamorey does not challenge the district court's decision to review the record for purposes of step five analysis. Nor does she challenge its ruling as it applies to her claim for benefits before August 25, 1997, the date she turned 50. She concedes, that, absent a showing of significant mental impairment, the Medical–Vocational Guidelines (the "Grids"), *see* 20 C.F.R. Pt. 404, Subpt. P, App. 2, support a reasonable conclusion that a number of jobs existed in the economy that, as a person under 50, she could perform. Lamorey only challenges the step-five determination as it applies to the two-year insured period after she turned 50.

As the district court correctly noted, under the Grids, a disability determination with respect to a 52–year old claimant who, like Lamorey, had a high-school education, a skilled and semi-skilled work history, and a sedentary work limitation, depends on the transferability of her work skills. *See* 20 C.F.R. Pt. 404, Subpt. P., App. 2, Rules 201(g), 201.14, 201.15. In urging remand, Lamorey argues that significant gaps exist regarding both the transferability of her work skills and the effect of her nonexertional limitations on her ability to work. We disagree.

■ The testimony of vocational experts at both the first and second disability hearings in this case effectively establish the transferability of Lamorey's receptionist skills to an alternative position, such as information clerk, that would not require frequent and repetitive use of her hands and fingers, which was the crucial physical limitation precluding Lamorey from returning to her past work. *See generally Draegert v. Barnhart*, 311 F.3d 468, 474 (2d Cir.2002). This testimony was essentially unchallenged at the hearings, and Lamorey fails to show that anything further would be gained by a remand. *Cf. Butts v. Barnhart*, 388 F.3d at 386–87 (concluding that remand for step five determination was appropriate where the record was incomplete because the ALJ failed to call a vocational expert); *Williams v. Apfel*, 204 F.3d 48, 50 (2d Cir.1999) (holding that remand was "the appropriate remedy when an erroneous step four determination has precluded any analysis under step five"); *cf. also Shaw v. Chater*, 221 F.3d at 135 (granting benefits, despite ALJ's erroneous determination at step four, because the record provided "overwhelming proof" that claimant suffered from a listed impairment).

We have considered all of Lamorey's remaining arguments and conclude that they are without merit.

The judgment of the district court entered on April 29, 2005, is hereby AFFIRMED.