08-2015-cv
Swainbank v. Social Security Administration

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of December, two thousand nine.

PRESENT:
> WILFRED FEINBERG,
> JOHN M. WALKER, Jr.,
> ROBERT A. KATZMANN,
> > *Circuit Judges*.

_____

Nancy M. Swainbank,

> *Plaintiff-Appellant*,

> v. 08-2015-cv

Social Security Administration,
Commissioner, Michael J. Astrue,

> *Defendant-Appellee*.

_____

FOR APPELLANT:       Nancy M. Swainbank, *pro se,* St. Albans, VT.

FOR APPELLEE:        Thomas D. Anderson, United States Attorney; Carol J. Shea, Chief, Civil Division; Kevin J. Doyle, Assistant United States Attorney, Burlington, VT.


Appeal from a judgment of the United States District Court for the District of Vermont (Murtha, *J.*, Niedermeier, *M.J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Appellant Nancy M. Swainbank, *pro se*, appeals the district court's judgment affirming a final decision of the Commissioner of Social Security denying her application for disability benefits.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

When deciding an appeal from a denial of disability benefits, we conduct a plenary review of the administrative record.  *See Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008); *see also Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (noting that the focus of review is the administrative ruling, not the district court's decision). We may set aside the Commissioner's decision only if the factual findings are not supported by substantial evidence or if incorrect legal standards

2

were applied. *See Burgess*, 537 F.3d at 127; *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Burgess*, 537 F.3d at 127-28.

Disability is defined by the Social Security Act, in relevant part, as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.§ 423(d)(1)(A). To be eligible for disability benefits, the claimant must demonstrate that she was disabled on the date she was last insured for benefits. *See Arnone v. Bowen*, 882 F.2d 34, 37-38 (2d Cir. 1989). Here, the Commissioner determined that Swainbank was last insured for benefits on December 31, 1984, and she has not challenged that determination.

The Social Security regulations set forth a five-step sequential evaluation for adjudicating claims for disability insurance benefits. *See* 20 C.F.R. §§ 404.1520, 416.920. This Court has described the sequential evaluation process as follows:

> Essentially, if the Commissioner determines (1) that the claimant is not working, (2) that

he has a severe impairment, (3) that the impairment is not one [listed in Appendix 1 of the regulations] that conclusively requires a determination of disability, and (4) that the claimant is not capable of continuing in his prior type of work, the Commissioner must find him disabled if (5) there is not another type of work the claimant can do.

*Burgess*, 537 F.3d at 120 (internal quotations and citations omitted) (alteration in original). If an individual is found to be not disabled at any step, the Commissioner need not proceed to the next step. *See* 20 C.F.R. § 404.1520(a) ("We follow a set order to determine whether you are disabled . . . If we can find that you are disabled or not disabled at any point in the review, we do not review your claim any further."); *see also Williams v. Apfel*, 204 F.3d 48, 49 (2d Cir. 1999). The claimant bears the burden of proving that she suffers from a disability. *See Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998).

Here, the Administrative Law Judge applied the correct legal standard in determining that Swainbank was not disabled through the date she was last insured for benefits and, accordingly, in denying her application at step two of the sequential evaluation process, and substantial evidence supports this decision. *See Burgess*, 537 F.3d at 127-28. We note, however, that the government conceded at oral argument before this Court that Swainbank is not precluded from presenting evidence that she

suffered from a disabling sleep disorder prior to December 31, 1984.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____