Valentin v. Commissioner of Social Security

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand twenty.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> JOHN M. WALKER, JR.,
> DENNIS JACOBS,
> > *Circuit Judges.*

---

Carmen Luz Mendez Valentin,

> *Plaintiff-Appellant,*
>
> v.

Commissioner of Social Security,

> *Defendant-Appellee.*

19-3388

---

FOR PLAINTIFF-APPELLANT:
Carmen Luz Mendez Valentin, *pro se*, Brooklyn, NY.

FOR DEFENDANT-APPELLEE:
Varuni Nelson, Arthur Swerdloff, Sean P. Greene, Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney, Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (DeArcy Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Carmen Luz Mendez Valentin, proceeding *pro se*, sought review of a final determination by the Commissioner of Social Security ("Commissioner") denying her application for social security disability insurance benefits ("SSDI"). She appeals the district court's grant of judgment on the pleadings in favor of the Commissioner. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of judgment on the pleadings. *Williams v. Apfel*, 204 F.3d 48, 49 (2d Cir. 1999). When the district court upholds a benefits determination by the Commissioner, we conduct a *de novo* review of the administrative record "to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) (quoting *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002)). Under the substantial evidence standard, "once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would have to conclude otherwise." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (emphasis and internal quotation marks omitted).

Here, an independent review of the record and relevant case law reveals that the district court properly granted judgment on the pleadings to the Commissioner. Accordingly, we affirm for substantially the reasons stated by the district court in its well-reasoned September 30, 2019,

2

decision.

Although Valentin raises allegations and presents evidence of additional health problems, these do not provide a basis for remand. A court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). New evidence is material if it is relevant to the claimant's condition during the time period for which benefits were denied, it is probative, and there is a reasonable possibility that the new evidence would have influenced the Commissioner to decide claimant's application differently. *See Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) (citing *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988)). Valentin does not explain why she did not incorporate these claims into the record before the agency. In any event, Valentin's additional evidence and allegations largely do not relate to the relevant period between 2011 and 2016, and they do not establish a reasonable possibility that the Commissioner would find that she was disabled during that period. To the extent that Valentin argues that she is currently unable to work because of her advancing age and a recent deterioration in her health, this argument misses the mark because Valentin was required to demonstrate that she became disabled while she was still insured, and Valentin has not challenged the agency's finding that she was last insured in March 2016. *See Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) (to be eligible for benefits, an applicant must demonstrate that she was disabled within the meaning of the Social Security Act on or before her date last insured); *see also LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (issues not raised in an appellate brief are considered abandoned).

In addition, Valentin challenges the Commissioner's determination that she can "ambulate

3

effectively," arguing that she walks slowly and would benefit from the use of a cane, and that the record understates her limitations because she takes steps to conceal or "minimize" them. These claims are not supported by any evidence in the record, and the agency's determination is supported by substantial evidence for the reasons stated by the district court. Similarly, Valentin challenges the Commissioner's determination that she had a residual functional capacity ("RFC") to use her dominant hand "occasional[ly]" during the relevant period by asserting that she cannot use the hand "excessively" without pain and swelling. It is not clear that "occasional" use would be "excessive." In any event, the Commissioner's determination on this point is also supported by substantial evidence for the reasons stated by the district court, and Valentin does not identify any evidence supporting a more limited RFC.

Finally, to the extent that Valentin suggests that the district court or the administrative law judge was biased against her, this claim is insufficiently argued and without merit: Valentin does not specify which judge she believes was biased or identify any facts suggesting bias. *See Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) (adverse rulings, without more, do not provide a reasonable basis for a judicial bias claim).

We have considered all of Valentin's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4