20-2652-cv
Gentles v. Commissioner of Social Security

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of May, two thousand twenty one.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             MICHAEL H. PARK,
                      *Circuit Judges*.

_____

LAURIE GENTLES,

        *Plaintiff-Appellant*,

              v.                                        20-2652-cv

COMMISSIONER OF SOCIAL SECURITY,

        *Defendants-Appellees*.

_____

Appearing for Appellant:     Mark Schneider, Plattsburgh, N.Y.

Appearing for Appellee:      Sixtina Fernandez, Special Assistant U.S. Attorney (Ellen E. Sovern, Regional Chief Counsel, Region II, Office of the General Counsel, Social Security Administration, *on the brief*) *for* Antoinette T. Bacon, Acting U.S. Attorney for the Northern District of New York, Syracuse, N.Y.

Appeal from the United States District Court for the Northern District of New York (Dancks, *M.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED** and **REMANDED**.

Laurie Gentles appeals from the August 7, 2020 judgment of the United States District Court for the Northern District of New York (Dancks, *M.J.*) denying her motion on the pleadings that sought to overturn the decision by the Commissioner of Social Security denying her Supplement Security Income disability benefits. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

To receive disability benefits, the claimant bears the burden of demonstrating that: (1) she is not currently engaged in substantial gainful activity; (2) she suffers from a "severe" impairment that limits her ability to perform work-related activities; and (3) the impairment meets the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Alternatively, if the impairment does not meet these criteria, the claimant must show that: (4) the severity of her impairment nonetheless makes her incapable of performing her past relevant work; and (5) given her age, education, past work experience, and residual functional capacity, she cannot perform other work which exists in the national economy. *See Williams v. Apfel*, 204 F.3d 48, 49 (2d Cir. 1999).

This Court will uphold the Commissioner's decision if it is supported by substantial evidence and the correct legal standards were applied. *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010). On appellate review, "our focus is not so much on the district court's ruling as it is on the administrative ruling." *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991) (internal quotation marks omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (internal quotation marks omitted).

On appeal, Gentles argues that the administrative law judge ("ALJ") failed to give the views of Gentles's treating physician the appropriate weight, and that the ALJ's conclusions were not supported by substantial evidence. We agree.

The opinion of a treating physician is given controlling weight so long as it is well supported by medical findings and not inconsistent with other substantial evidence. *Clark v. Commissioner of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998) (citation omitted). Where the treating physician's opinion is not given controlling weight, the ALJ must consider a number of factors, including: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether the opinion is from a specialist." *Id.* "[T]he ALJ cannot arbitrarily substitute his own judgment for competent medical opinion. . . . While an ALJ is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician who submitted an opinion to or testified before him." *See Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) (internal quotation marks and brackets omitted).

Here, the ALJ erred by substituting his own view for that of the treating physician, Dr. Huestis. The ALJ assigned Huestis's opinion limited weight, noting that while Huestis treated Gentles for the entirety of the period of alleged disability, Gentles's own reports of her activities of daily living did not support Huestis's opinion. The ALJ did not cite to any other medical opinion that contradicted Huestis's conclusions. Instead, the ALJ relied on Gentles's reports of her daily activities in finding that Gentles is not entitled to benefits. Given this, we find that ALJ did not provide adequate grounds for not fully crediting the opinion of the treating physician.

We therefore VACATE the judgment and REMAND to the district court with instructions to remand the matter to the Commissioner for reconsideration in light of this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3