Deborah E. TAYLOR, Plaintiff–Appellant,

v.

Joanne BARNHART, Commissioner of Social Security, Defendant–Appellee.

No. 03–6072.

United States Court of Appeals, Second Circuit.

Nov. 21, 2003.

Eugene Faughnan, Hinman, Howard & Kattell, LLP, Binghamton, NY, for Appellant.

Susan Reiss, Assistant Regional Counsel (Barbara L. Spivak, Chief Counsel, Region II, and Lisa de Soto, General Counsel to the Social Security Administration, on the brief), New York, NY, for Appellees.

Present: CARDAMONE, SOTOMAYOR, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Deborah Taylor filed a claim for Social Security disability insurance benefits in 1996. After receiving notice that her claim had been denied, plaintiff requested a hearing, and appeared with counsel before an Administrative Law Judge ("ALJ"). The ALJ denied her claim, finding that she was not disabled because she retained the residual functional capacity to perform a full range of activities within the sedentary work category. He reached this conclusion after weighing the opinions of the many physicians who had treated her, and discounting her subjective complaints of constant pain. After the Appeals Council denied Taylor's request for review, she filed a petition for review in the district court, which held that the Commissioner's decision was supported by substantial evidence. This appeal followed.

■ On appeal from the district court's review of the Commissioner's decision, "[w]e review the administrative record de novo to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." Machadio v. Apfel, 276 F.3d 103, 108 (2d Cir.2002). Taylor first argues that the ALJ improperly discounted the findings of her treating physician, Dr. Desai, who opined that Taylor was unable to bend, lift, or sit for long periods, and that she was therefore "temporarily totally disabled." Although Dr. Desai found plaintiff unable to perform the full range of tasks necessary for sedentary work, other physicians treating her found to the contrary. For example, Dr. Storrs reported after a 1995 examination that "no objective find-

ings whatsoever" supported Taylor's allegations of pain. Similarly, in 1996, the same year as Dr. Desai's determination to the contrary, Dr. Deluca reported Taylor's "disability to be partial, temporary, and moderate," and opined that home physical therapy was the only necessary treatment. Although the ALJ is normally obligated to give the treating physician's opinion controlling weight, where that opinion is contradicted by other substantial evidence in the record, the ALJ is entitled to use discretion in weighing the medical evidence as a whole. See Veino v. Barnhart, 312 F.3d 578, 587–88 (2d Cir.2002). Moreover, Dr. Desai's opinion that Taylor was "temporarily totally disabled" is not entitled to any weight, since the ultimate issue of disability is reserved for the Commissioner. See 20 C.F.R. § 404.1527(e)(1); Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999). Accordingly, we find no error in the ALJ's decision not to accord controlling weight to Dr. Desai's opinion.

■ Taylor next argues that, taking the medical record as a whole, there is no substantial medical evidence to support the ALJ's conclusion that she is able to perform a full range of sedentary work. We disagree. "Sedentary work is defined as involving only occasional standing and walking, the lifting of no more than ten pounds at a time, and the occasional lifting and carrying of light objects." Schaal v. Apfel, 134 F.3d 496, 501 n. 6 (2d Cir.1998); see also 20 C.F.R. § 404.1567(a). Although plaintiff's treating physicians generally opined that the impairment limited her functional capabilities somewhat, the record is replete with medical findings by Taylor's own doctors that demonstrate her ability to function within the full range. Drs. Powell, Storrs, and Desai cautioned her only against heavy or repetitive lifting, rather than all lifting, and Drs. Powell and Deluca indicated that she was able to sit,

stand, and walk comfortably. We find that the totality of the evidence supports the ALJ's conclusion that Taylor could perform sedentary work.

■ Plaintiff also argues that the ALJ improperly discounted her allegations of constant and severe pain. Specifically, plaintiff asserts that the ALJ's decision was not supported by substantial evidence, and that upon making his decision, he failed to articulate a legally sufficient basis for discrediting her allegations. We find these arguments without merit. Plaintiff must demonstrate by medical signs or findings that she has a condition that could reasonably be expected to produce the alleged symptoms. *See* 20 C.F.R. § 404.1529(a)-(b). While "subjective pain may serve as the basis for establishing disability, even if such pain is unaccompanied by positive clinical findings," the ALJ is nonetheless empowered to exercise discretion to "arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant." *Marcus v. Califano,* 615 F.2d 23, 27 (2d Cir.1979) (emphasis omitted). When the claimant alleges pain that exceeds the objectively verifiable evidence, the ALJ must consider several evaluative factors, including daily activities, medication, and causes of the pain, in order to determine the extent to which the pain affects the claimant's functional capabilities. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(iv). Here, the ALJ first found, in accordance with the bulk of the medical evidence, that Taylor's complaints of pain exceeded her objectively verifiable condition, and then considered Taylor's allegations of pain in light of her actual capabilities. He determined that Taylor is able to cook, clean, do laundry, attend class, drive, shop, and swim, and that her pain is often mitigated with only non-prescription medication. Thus, the ALJ properly considered the evaluative factors set forth in the regulations, and his determination that plaintiff's subjective complaints of pain should be discounted is supported by substantial evidence. *See Aponte v. Sec'y, Dep't of Health & Human Servs.,* 728 F.2d 588, 591 (2d Cir.1984). The ALJ also adequately set forth the basis for his findings in his opinion.

■ Finally, Taylor contends that the ALJ improperly relied solely on the medical vocational guidelines (the "grids"), without a vocational expert's testimony, in determining that she could perform work which exists in significant numbers in the national economy. Although the grids are "generally dispositive," when they do not fully account for the claimant's limitations, the Commissioner must utilize other evidence, such as the testimony of a vocational expert, to demonstrate that the claimant is capable of performing some type of work. *See Rosa v. Callahan,* 168 F.3d 72, 78 (2d Cir.1999). Taylor argues that her pain creates a nonexertional impairment unrelated to her ability to meet the strength requirements of employment, *see* 20 C.F.R. § 404.1569a(c), and therefore the ALJ should have sought the testimony of a vocational expert. A vocational expert is only necessary, however, where there is evidence that the claimant's nonexertional limitations "so narrow[ ] [her] possible range of work as to deprive [her] of a meaningful employment opportunity." *Bapp v. Bowen,* 802 F.2d 601, 605–06 (2d Cir.1986). As discussed above, the ALJ properly found that Taylor's pain is not disabling, and he was therefore entitled to rely on the grids. Finally, Taylor's argument that a vocational expert was necessary because her exertional capabilities fell short of that required for sedentary work is foreclosed by the ALJ's well-supported finding that the medical evidence indicated that Taylor was physically capable of per-

forming sedentary work. We therefore find that the ALJ's reliance on the grids was appropriate, and agree with his conclusion that plaintiff retains the residual functional capacity necessary for sedentary work.

For the foregoing reasons, the judgment of the district court is AFFIRMED.