09-3545-cv
*Meadors v. Astrue*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of March, two thousand and ten.

PRESENT: PIERRE N. LEVAL,
ROBERT D. SACK,
RICHARD C. WESLEY,
*Circuit Judges.*

---

MARYANN MEADORS,

*Plaintiff-Appellant,*

-v.-                                    09-3545-cv

MICHAEL J. ASTRUE,
Commissioner of Social Security,

*Defendant-Appellee.*\*

---

---

\* The Clerk of the Court is respectfully directed to amend the official caption in this action to conform to the caption in this order.

1

FOR APPELLANT:     JAYA A. SHURTLIFF, Olinsky & Shurtliff, LLC, Syracuse, NY

FOR APPELLEE:      KARLA J. GWINN, STEPHEN P. CONTE, Office of the General Counsel, Social Security Administration, for Richard S. Hartunian, United States Attorney for the Northern District of New York, New York, NY

Appeal from the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED** in part, **REVERSED** in part, and **REMANDED** for further proceedings.

Plaintiff-appellant ("Appellant") appeals from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*), affirming the Commissioner of Social Security's denial of her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). *Meadors v. Astrue*, No. 5:07-CV-0623, 2009 WL 1706580 (N.D.N.Y. June 16, 2009). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Appellant filed applications for DIB and SSI benefits on February 2, 2005, alleging disability from November 16, 2004, due to lower back pain, cervical radiculopathy,

2

chronic obstructive pulmonary disorder ("COPD"), carpal tunnel syndrome, sinusitis, and adjustment disorder with anxiety and depressed mood. Following the Commissioner's denial of those applications, Appellant requested a hearing before an Administrative Law Judge ("ALJ"). That hearing occurred on September 26, 2006, and on September 28, 2006, the ALJ issued a decision denying the Appellant's application. The ALJ's determination became the final decision of the Commissioner when Appellant's request for review was denied by the Appeals Council on May 25, 2007. Appellant then commenced an action in federal court for review of that final decision, and on May 17, 2009, Magistrate Judge Victor E. Bianchini issued a Report and Recommendation advising that the Commissioner's decision be affirmed. By decision and order issued on June 16, 2009, District Judge Lawrence E. Kahn adopted that Report and Recommendation in its entirety and dismissed Appellant's complaint. This timely appeal followed.

Before a claimant may receive disability benefits, the claimant must demonstrate that: (1) she is not currently engaged in substantial gainful activity; (2) she suffers from a "severe" impairment; and (3) the impairment meets or

3

equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. If the impairment does *not* satisfy that regulatory criteria, the claimant must demonstrate instead that: (4) the severity of her impairment nonetheless makes her incapable of performing her past relevant work; and (5) given her age, education, past work experience, and residual functional capacity ("RFC"), she is incapable of performing other work which exists in the national economy. *See Williams v. Apfel*, 204 F.3d 48, 49 (2d Cir. 1999).

In reviewing the denial of Social Security benefits by the Commissioner, this Court will "set aside the ALJ's decision only where it is based upon legal error or is not supported by substantial evidence." *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998). Appellant argues that the ALJ erred on several grounds: (1) his determination at Step 2 that Appellant's only "severe" impairment was back pain with lumbar radiculopathy was not supported by substantial evidence; (2) he failed to afford Dr. Ahmed's medical opinion controlling weight, thereby violating the "treating physician rule;" (3) he did not apply the proper legal standard in assessing Appellant's credibility and erred in

4

his calculation of her RFC; and (4) he neglected to consult a vocational expert at Step 5 to assess Appellant's work capacity in light of her significant non-exertional limitations.

We find Appellant's first claim of error to be without merit, because the ALJ's determination that her only severe impairment is lower back pain with lumbar radiculopathy is supported by substantial evidence in the record. A "severe" impairment is one that significantly limits an individual's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). As to her COPD, her medical records fail to indicate any shortness of breath, and she reported to Nurse Practitioner Lomber and Dr. Ahmed in April, 2006, that her symptoms were improving. And, with regard to Appellant's cervical radiculopathy, there is scant evidence in the record to support her claim that the condition is serious. Although a nerve conduction study from June of 2005 does indicate a pathology consistent with that condition, her medical records fail to discuss it at all. Indeed, Appellant herself testified that aside from her lower back pain and COPD, none of her conditions are serious enough to prevent her from working. Because there is

substantial evidence in the record to support the ALJ's Step 2 determination with regard to those conditions, it will not be disturbed.

Appellant next argues that the ALJ erred when he afforded Dr. Ahmed's opinion "little weight." We agree. An ALJ is required to give controlling weight to the medical opinion of a claimant's treating physician when that opinion: (1) concerns the nature and severity of an impairment; (2) is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (3) is not inconsistent with other substantial evidence in the case record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993).

The ALJ was influenced by the fact that Dr. Ahmed is not a specialist. However, as her primary care physician to whom Appellant complained on several occasions of severe back pain, Dr. Ahmed would have had the opportunity to review the clinical findings and opinions of specialists with whom Appellant did consult. And the findings of those specialists – Dr. Kuthuru and Dr. Blecha – do not dispute that Appellant suffers from significant back pain with radiculopathy.

The ALJ also relied on the fact that an MRI of Appellant's lumbar spine showed only "mild degenerative changes," and "no evidence of disc herniation or nerve root entrapment." But the ALJ was not at liberty to substitute his own lay interpretation of that diagnostic test for the uncontradicted testimony of Dr. Ahmed, who is more qualified and better suited to opine as to the test's medical significance. *See Balsamo*, 142 F.3d at 80-81. "[T]he ALJ plainly did not choose between properly submitted medical opinions, but rather improperly set his own expertise against that of physicians who submitted opinions to him." *Id*. at 81 (internal quotation marks and brackets omitted).

To be sure, none of the objective medical evidence cited by the ALJ undermines Dr. Ahmed's opinion. The findings of Dr. Shayevitz, an orthopedic specialist, diagnosing lower back pain with radiculopathy and "definite limitations in any prolonged sitting, standing, walking, and certainly in any heavy lifting and anything which require[s] rapid neck movement," does not impugn Dr. Ahmed's judgment that Appellant can only occasionally lift less than ten pounds and cannot sit, stand, or walk for more than two hours. Neither does the recommendation of Dr. Kuthuru that

7

Appellant pursue vocational retraining – which the ALJ interpreted as conclusive evidence that Appellant is capable of working – conflict with the opinion of Dr. Ahmed, particularly because that recommendation was tendered in response to Appellant's complaints that she was required to stand for much of the day at work. We therefore vacate those portions of the ALJ's order giving the opinion of Dr. Ahmed "little weight," and remand with the instruction that the ALJ afford Dr. Ahmed's opinion proper deference. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Appellant next argues that the ALJ failed to employ the correct standard in assessing her subjective complaints of pain, and that his calculation of her RFC was unsupported by substantial evidence. Because we agree that the ALJ did not properly evaluate the Appellant's testimony regarding her pain, we are unable to give his calculation of Appellant's RFC meaningful review. On remand the ALJ must consider Appellant's subjective complaints of pain under the proper standard and calculate her RFC accordingly.

Evidence of pain is an important element in the adjudication of DIB and SSI claims, and must be thoroughly considered in calculating the RFC of a claimant. *See Lewis*

8

*v. Apfel*, 62 F. Supp. 2d 648, 657 (N.D.N.Y. 1999). "[S]ymptoms, including pain, will be determined to diminish [a claimant's] capacity for basic work activities to the extent that ... [they] can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(c)(4). To that end, the Commissioner has established a two-step inquiry to evaluate a claimant's contentions of pain. *See* Social Security Ruling 96-7P, 1996 WL 374186 (S.S.A.); 20 C.F.R. § 404.1529(c). First, the ALJ must determine whether the claimant suffers from a "medically determinable impairment[] that could reasonably be expected to produce" the pain alleged. 20 C.F.R. § 1529(c)(1); *see* SSR 96-7P. Second, the ALJ must evaluate the intensity and persistence of those symptoms considering all of the available evidence; and, to the extent that the claimant's pain contentions are not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry. *See* 20 C.F.R. § 1529(c)(3)(i)-(vii);[1] *Taylor v. Barnhart*, No. 03-6072, 83

---

[1] That credibility inquiry implicates seven factors to be considered, including: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the

Fed. Appx. 347 at *3 (2d Cir. Nov. 21, 2003)(summary order).

The ALJ eschewed that two-step inquiry. He "did not expressly consider the threshold question of whether [Appellant] had demonstrated by objective medical evidence an impairment capable of causing the degree and type of pain she alleges. Instead, the ALJ proceeded directly to considering the credibility of her subjective allegations of pain." *Craig v. Chater*, 76 F.3d 585, 596 (4th Cir. 1996) (superseded by statute on other grounds). He subjected Appellant's contentions of pain in their entirety to scrutiny under § 404.1529(c)(3), *supra* note 1, and summarily concluded that the Appellant's "subjective complaints [of pain] are less than fully credible." That was error.

"Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987).

claimant's functional limitations and restrictions as a result of the pain. § 404.1529(c)(3)(i)-(vii).

10

Because the ALJ neglected to engage in the proper legal standard we cannot subject his determination to meaningful review. "It is unclear whether the ALJ determined at the *first* step of [his] credibility determination that [Appellant's] impairments could not reasonably be expected to produce the pain ... alleged, or whether [he] determined at the *second* step that [Appellant's] allegations regarding the intensity, persistence and limiting effects of [her] pain ... were not consistent with the objective medical or other evidence." *Martin v. Astrue*, No. 07 Civ. 3911(LAP), 2009 WL 2356118, at *10 (S.D.N.Y. July 30, 2009) (emphasis added); *see also Crysler v. Astrue*, 563 F. Supp. 2d 418, 441-42 (N.D.N.Y. 2008)

Put another way, our Court is unable to discern whether the ALJ found that: (1) Appellant's contentions of pain are not reasonably consistent with those medical conditions from which she suffers; or (2) Appellant's contentions of pain are *consistent* with those medical conditions, but the intensity and persistence she identifies are unsubstantiated and her subjective allegations alone are not credible. "This is important because at the first step in the credibility analysis, [Appellant's] allegations *need not be*

*substantiated by medical evidence, but simply consistent with it.* The entire purpose of [§] 404.1529 is to provide a means for claimants to offer proof that is not wholly demonstrable by medical evidence." *Hogan v. Astrue*, 491 F. Supp. 2d 347, 353 (W.D.N.Y. 2007) (emphasis in original; internal quotation marks and ellipses removed). "[O]nly allegations beyond what is substantiated by medical evidence are to be subjected to a credibility analysis." *Id.* (internal quotation marks removed).

To be sure, the ALJ's only evaluation of Appellant's pain contentions vis à vis the objective medical evidence was to note in passing that "[Appellant's] claim of disabling back and leg pain is not well supported by the objective medical evidence; her lumbar spine MRI showed no evidence of disc herniation or nerve root entrapment." [**Tr. at 31**]. By requiring that Appellant's allegations of pain be "well supported" by the medical evidence, the ALJ imposed an undue burden on the Appellant at the credibility stage. "A claimant who alleges a disability based on the subjective experience of pain need not adduce direct medical evidence confirming the extent of the pain, but [instead] medical signs and laboratory findings which show that the claimant

12

has a medical impairment which could reasonably be expected to produce the pain." *Snell v. Apfel*, 177 F.3d 128, 135 (2d Cir. 1999) (internal quotation marks and brackets removed); *see Barringer v. Comm. of Soc. Sec.*, 358 F. Supp. 2d 67, 81 n.25 (N.D.N.Y. 2005) ("A finding that a claimant suffers from disabling pain requires medical evidence of a condition that could reasonably produce pain. It does not require objective evidence of the pain itself or its degree.") (internal citation omitted).

Because the ALJ subjected Appellant's pain contentions to a credibility analysis at the outset (and in their entirety), we must remand for a redetermination of Appellant's RFC under the correct standard. The objective evidence indicates that Appellant suffers from a laundry list of back ailments, including lumbosacral radiculitis and radiculopathy, spondylosis, bulging of the discs at L3-4 and L4-5, central protrusion of the L5-S1 disc, hypesthesia in the L5 and S1 nerve root distributions, and spinal stenosis. On remand, the ALJ should first make an express finding whether those conditions could reasonably be expected to produce the debilitating pain of which she complains. If so, he must then evaluate the intensity and persistence of

13

that pain; and, to the extent that her contentions exceed that which might reasonably flow from her medical conditions, the ALJ should undertake a credibility analysis pursuant to § 1529(c)(3).[2] *See Craig,* 76 F.3d at 596; *Brownell v. Comm. of Soc. Sec.,* No. 1:05-CV-0588(NPM/VEB), 2009 WL 5214948 at *4 (N.D.N.Y. Dec. 28, 2009).

Because we conclude that the ALJ erred in assessing Appellant's credibility, thereby depriving us of the ability to subject his RFC determination to meaningful review, we do not reach the question of whether the ALJ was required to consult a vocational expert at Step 5 of the sequential

---

[2]   We note that on remand, the ALJ should be mindful to consider each of the factors set forth in § 404.1529(c)(3).  He attributed great weight to the fact that the Appellant "is able to do light cooking and can do housework and go shopping with help from her children."  But Appellant's daily activities are only a single factor of many to be considered, and the ALJ's characterization of those activities was less than fully accurate.  Appellant noted that she could only cook "simple meals" because she is unable to stand for extended periods of time, and would only do so a "couple times a month."  She also testified that her daughters would have to lift the groceries if she went shopping, and perform any household chores she could not perform on her own (not specifying what chores, if any, she *can* perform.)  She noted that her daily routine consisted of walking next door to her brother's house to lie down, and then returning to her own house to lie down.  Much of the day her legs remain elevated.  The ALJ must, of course, assess the credibility of this testimony along with the remainder of the record, but he "cannot simply selectively choose evidence in the record that supports his conclusions." *Gecevic v. Sec'y of Health and Human Services*, 882 F. Supp. 278, 286 (E.D.N.Y. 1995).  Neither may he mis-characterize a claimant's testimony or afford inordinate weight to a single factor, because "[a] claimant need not be an invalid to be found disabled under the Social Security Act. ... If on remand the ALJ again reaches step four of his analysis, he should give proper weight to [Appellant's] testimony, including consideration of all of the factors identified above as required by SSR 96-7P, and should not base a finding ... on her ability to undertake essential daily tasks of caring for her family." *Vasquez v. Barnhart*, No 02-cv-6751, 2004 WL 725322, at *11 (E.D.N.Y. Mar. 2, 2004) (internal quotation marks omitted).

14

analysis.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED** in part, **REVERSED** in part, and **REMANDED** to the Secretary for further proceedings consistent with this order.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk