11-1700-cv
Whipple v. Astrue

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of May, two thousand twelve.

PRESENT:  GUIDO CALABRESI,
                REENA RAGGI,
                     *Circuit Judges.*[*]

-------------------------------------------------------------------------------------

DANIEL WHIPPLE,

                              *Plaintiff-Appellant*,

            v.                                                          No. 11-1700-cv

MICHAEL J. ASTRUE, Commissioner of Social Security,
                              *Defendant-Appellee*.

-------------------------------------------------------------------------------------

APPEARING FOR APPELLANT:        KAREN SOUTHWICK, Olinsky & Shurtliff, Syracuse, New York.

APPEARING FOR APPELLEE:         MICHELLE L. CHRIST, Special Assistant United States Attorney (Stephen P. Conte, Regional Chief Counsel, Office of the General Counsel, Social Security Administration, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, New York, New York.

------------------------

[*] Judge Robert D. Sack, who was a member of this panel, recused himself. The remaining two panel members agree on the disposition and decide this appeal pursuant to Second Circuit Internal Operating Procedure E(b).

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*; David E. Peebles, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 31, 2011, is AFFIRMED.

Plaintiff Daniel Whipple appeals from the district court's affirmance of a decision of the Commissioner of Social Security ("Commissioner") denying Whipple's application for Social Security disability benefits. In such a case, we review the administrative record <u>de novo</u> and will uphold the Commissioner's decision if it is supported by substantial evidence and the correct legal standards were applied. <u>See</u> <u>Zabala v. Astrue</u>, 595 F.3d 402, 408 (2d Cir. 2010); <u>see also</u> <u>Moran v. Astrue</u>, 569 F.3d 108, 112 (2d Cir. 2009) ("Substantial evidence . . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (internal quotation marks omitted)). In applying these standards here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Residual Functional Capacity Determination

Whipple contends that the Administrative Law Judge ("ALJ") applied the wrong legal standard in determining his Residual Functional Capacity ("RFC"), and that the ALJ's RFC determination is not supported by substantial evidence. We are not persuaded by either argument.

Whipple faults the ALJ for not determining Whipple's RFC by reference to the four factors set forth in agency regulations for evaluating the severity of a mental impairment.

2

See 20 C.F.R. § 404.1520a(c)(3)–(4). The regulations make clear that those factors are only to be applied in determining the severity of a mental impairment, the third step prescribed by the disability evaluation guidelines, not a claimant's RFC, which is relevant to the guidelines' fourth and fifth steps. See id. § 404.1520a(d) (stating that factors are used to "determine the severity of [claimant's] mental impairment(s)," and that ALJ will assess claimant's RFC only after determining that impairment is severe but inconsistent with listed medical disorder); see also id. § 404.1520(a)(4)(iii)–(v) (stating that, at third step of disability analysis, Commissioner considers "medical severity" of claimant's impairment, which precedes any RFC determination); see generally Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996) (describing five-step process for evaluating disability claims). Further, the ALJ considered each of these four factors, finding that Whipple had mild limitations in daily living activities; moderate limitations in social functioning and concentration, persistence, or pace; and only one reported instance of decompensation. Those findings led the ALJ to conclude that Whipple's impairments were in fact severe, which prompted him then to consider whether Whipple was capable of performing work available in the economy. Whipple does not contest the merits of the ALJ's findings as to the severity of his mental impairments, and we conclude that the ALJ did not err as a matter of law in his application of these four factors.

We also reject Whipple's argument that the ALJ's RFC determination is not supported by substantial evidence insofar as the ALJ ignored certain medical records. Contrary to Whipple's representations, the ALJ did consider the observations and opinions of Dr. Kristen

3

Barry, who examined Whipple at the Social Security Administration's request, and Dr. Thomas Harding, who independently reviewed Whipple's medical records. The ALJ, however, concluded that Barry's and Harding's testimony showed that Whipple was only mildly and moderately impaired by his depression and anxiety, and that their views ultimately supported the determination that Whipple was capable of performing work that "involved simple tasks and allowed for a low-stress environment." App. 28.

Insofar as Whipple now faults the ALJ for failing to obtain, over Whipple's objection, the opinions of his treating physician, Whipple failed to raise this claim before the magistrate judge or the district court. We therefore deem the issue forfeited. See Poupore v. Astrue, 566 F.3d 303, 306 (2d Cir. 2009). Even if we were to reach the issue, however, we would not identify any legal error warranting remand. The ALJ had comprehensive medical notes from Dr. Roger Levine, Whipple's treating physician, from before and after March 31, 2006, the alleged disability onset date. In those notes, Dr. Levine observed that Whipple was capable of working and that Whipple's depression and anxiety were manageable with medication. The records that the ALJ obtained from Dr. Levine, which stated that Whipple was capable of returning to work and even encouraged him to do so, were adequate for the ALJ to determine Whipple's disability. See 20 C.F.R. § 404.1512(e) (2008) (stating that Commissioner will "recontact . . . treating physician" only if that physician's information is "inadequate" to determine whether claimant is disabled); accord Perez v. Chater, 77 F.3d at 47. Therefore, the ALJ was not obligated to obtain more information from Whipple's treating physician. See id. at 47–48.

2.    Credibility Determination

Whipple claims that the ALJ committed legal error and lacked substantial evidence in discrediting Whipple's statements that his mental impairments significantly limited his ability to perform full-time work.  We disagree.

In determining that Whipple was capable of performing a job with simple tasks in a low-stress environment, the ALJ applied the agency guidelines for assessing the "intensity, persistence, and limiting effects" of Whipple's mental impairments.  App. 26; see 20 C.F.R. § 404.1529.  Under those regulations, the ALJ was required (1) to consider "all of the available evidence," including Whipple's own statements, the observations and opinions of Whipple's treating physicians, and the observations and opinions of other medical professionals who examined Whipple or reviewed his records; and (2) to weigh Whipple's statements against the objective evidence, including medical records, of his symptoms.  See 20 C.F.R. § 404.1529(c)(1), (4).  The ALJ applied that exact standard in concluding that Whipple was not disabled and, therefore, did not commit an error of law.  Specifically, the ALJ considered Whipple's statements that his impairments were intense, persistent, and limiting, but ultimately discredited that testimony because of the wealth of conflicting evidence from treating physicians, other medical professionals, and Whipple's own description of his daily living activities and employment as a truck driver between July 2007 and January 2008.  That conflicting evidence showed that Whipple was capable of performing work notwithstanding his impairments, and is more than sufficient for us to conclude that the ALJ's credibility determination is supported by substantial evidence.  See Moran v. Astrue, 569 F.3d at 112.

3.      Failure to Call a Vocational Expert

The ALJ did not err by relying on the Social Security Administration's medical-vocational guidelines, see 20 C.F.R. Part 404, Subpart P, App. 2, rather than calling a vocational expert to evaluate whether Whipple was capable of performing work in the national economy. A vocational expert would have been necessary only if Whipple's mental, or non-exertional, impairments "significantly limit[ed] the range of work permitted by his exertional limitations" to the point that the medical-vocational guidelines did not adequately reflect his condition. Bapp v. Bowen, 802 F.2d 601, 605 (2d Cir. 1986) (internal quotation marks omitted); accord Zabala v. Astrue, 595 F.3d at 410–11. Here, the ALJ found that Whipple had no exertional limitations and that his "ability to perform work at all exertional levels has not been compromised by nonexertional limitations." App. 29. Whipple does not challenge this finding as unsupported by substantial evidence. We thus identify no legal error in the ALJ's decision not to call a vocational expert to testify based on the finding that Whipple's mental impairments did not significantly limit his ability to work. See Bapp v. Bowen, 802 F.2d at 605–06.

4.      Substantial Gainful Activity Between July 2007 and Jaunuary 2008

Whipple asserts that the ALJ applied the wrong legal standard in concluding that Whipple engaged in substantial gainful activity by working as a truck driver for a freight company between July 2007 and January 21, 2008, the day of his administrative hearing. See 20 C.F.R. § 404.1520(a)(4)(i) (stating that, at first step in determining whether claimant is disabled, Commissioner considers "work activity" and will not find claimant disabled if

6

he is "doing substantial gainful activity"). According to Whipple, the ALJ ignored Whipple's unemployment between March 31, 2006 and July 2007, and failed to consider Whipple's subsequent employment as a "trial work period" under 20 C.F.R. § 404.1592(a). Because we affirm the ALJ's conclusion that Whipple was not disabled during his period of unemployment, we must reject Whipple's argument insofar as he was "not entitled to disability insurance benefits," a prerequisite to obtaining a trial work period under agency regulations. 20 C.F.R. § 404.1592(d)(2).

5.      Conclusion

We have considered Whipple's remaining arguments and conclude that they are without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

7