24-41-cv
*Castillo v. O'Malley*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand twenty-four.

Present:
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> EUNICE C. LEE,
> *Circuit Judges.*

---

ELAINE CASTILLO,

> *Plaintiff-Appellant,*

v.                                                                 24-41-cv

MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,

> *Defendant-Appellee.*[†]

---

FOR PLAINTIFF-APPELLANT:          DANIEL S. JONES, The Law Offices of Charles E. Binder and Harry J. Binder, New York, NY.

---

[†] The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR DEFENDANT-APPELLEE:                    MOLLY E. CARTER, Special Assistant United States Attorney (Charles Kawas, Acting Associate General Counsel, Social Security Administration, *on the brief*), Baltimore, MD, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jones, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Elaine Castillo appeals the denial by an administrative law judge ("ALJ") of her claim for Disability Insurance Benefits under Title II and Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 401-434. Castillo applied for benefits based on her diabetes, asthma, obesity, migraine headaches, depressive disorder, anxiety disorder, and post-traumatic stress disorder. The ALJ determined that Castillo had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b), with the following limitations: she can occasionally balance on uneven terrain, occasionally stoop, crouch, kneel, crawl, and climb ramps and stairs, but never climb ladders, ropes, or scaffolds; she can have no more than occasional exposure to extreme temperatures or respiratory irritants; she cannot operate a motor vehicle as an occupational requirement; and she cannot work at unprotected heights or around moving mechanical parts.

In addition, the ALJ found that Castillo is limited to performing simple, routine, and repetitive tasks in a low-stress job (*i.e.*, a job that requires no more than occasional decision-

2

making and judgment and that involves no more than occasional changes in the work setting), with work that is goal-oriented, but not at a production-rate pace. She also found that Castillo can tolerate no more than occasional contact with coworkers, supervisors, and the public.

On appeal, Castillo primarily argues that the ALJ's RFC assessment is not supported by substantial evidence, the ALJ erred in discounting her subjective complaints, and that remand is required for consideration of new evidence presented to the Appeals Council. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Schillo v. Kijakazi*, 31 F.4th 64, 74 (2d Cir. 2022) (cleaned up); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rucker v. Kijakazi*, 48 F.4th 86, 91 (2d Cir. 2022) (quoting *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008)). "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *Schillo*, 31 F.4th at 74 (quoting *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014)). "In reviewing an appeal from the denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion[] to determine whether the ALJ's decision was supported by substantial evidence." *Colgan v. Kijakazi*, 22 F.4th 353, 359 (2d Cir. 2022) (internal quotation marks omitted).

## I.     The Residual Functional Capacity Assessment

Castillo argues that the ALJ's RFC assessment is not supported by substantial evidence. First, she contends that the assessment should have been more restrictive to account for her mental limitations.   Second, she argues that the ALJ's assessment of the medical opinion evidence was flawed, which undermined the RFC assessment.    We disagree.

Castillo's argument that the ALJ's RFC assessment should have been more restrictive fails. We have recently rejected similar arguments.   *See, e.g.*, *Rushford v. Kijakazi*, No. 23-317, 2023 WL 8946622, at \*2 (2d Cir. Dec. 28, 2023) (noting that it is "well-established that . . . moderate limitations do not prevent individuals from performing 'unskilled work'" (quoting *Zabala v. Astrue*, 595 F.3d 402, 410–11 (2d Cir. 2010))); *Valdes-Ocasio v. Kijakazi*, No. 21-3152, 2023 WL 3573761, at \*1 (2d Cir. May 22, 2023) (concluding that an ALJ's RFC assessment appropriately accounted for moderate limitations even without including restrictions related to staying on task or attendance).

Here, the ALJ thoroughly "evaluate[d] the intensity, persistence, and limiting effects of the claimant's symptoms" to determine how they might "limit the claimant's work-related activities." Certified Admin. R. ("CAR") at 45.   The ALJ considered, among other things, Castillo's mental status exam results showing that she "retained the capacity to perform the basic demands of unskilled work" and the opinion of Dr. Karmin that the "overall record [was] consistent with restricting the claimant to the performance of unskilled work."   *Id.* at 50-51.   The ALJ reasonably concluded that Castillo—even with moderate mental limitations—could "perform work in a low stress job" that is "goal-orientated, but not at a production-rate pace" involving "simple, routine, and repetitive tasks" and no more than "occasional contact" with others.   *Id.* at

4

45; *see Schillo*, 31 F.4th at 78 ("[An] ALJ's RFC conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence.").

Castillo's argument that the ALJ conducted a flawed assessment of the medical opinion evidence also lacks merit. First, the ALJ's findings concerning Castillo's mental health impairments are supported by substantial evidence. The ALJ reasonably found Dr. Goldstein's opinion persuasive and consistent with Castillo's own reporting that she was "independent in activities of daily living and in managing her own money," as well as her mental status examinations, which "consistently exhibited essentially normal findings." CAR at 48. Dr. Goldstein's opinion was also consistent with evidence in the record that Castillo's mental health symptoms worsened when she did not comply with treatment protocols.

Second, the ALJ's findings concerning Castillo's migraine headaches are supported by substantial evidence. The ALJ reasonably found Dr. April's opinion that Castillo was "disabled from performing full-time competitive work" unpersuasive. CAR at 50. Dr. April himself acknowledged that his opinion was not based on "supportive objective signs." *Id.* In fact, when asked to provide the basis for his conclusion that Castillo was incapable of "low stress work," Dr. April responded: "She can't." *Id.* at 1113. Dr. April's analysis also was inconsistent with the opinions of Dr. Finegan and Dr. Putcha, who found that Castillo could perform work with certain restrictions. The ALJ did not disregard Castillo's migraine headaches but recognized them as "severe" and limited Castillo to low stress work with "no more than occasional exposure to

5

extreme temperatures or respiratory irritants" and no work involving unprotected heights, moving mechanical parts, or the operation of a motor vehicle. *Id.* at 40, 45.

## II. Castillo's Subjective Complaints

The ALJ did not err in discounting Castillo's subjective complaints. A claimant's subjective complaints are "an important element in the adjudication of [Social Security] claims, and must be thoroughly considered in calculating the RFC of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010). At the same time, an ALJ is "not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010).

An ALJ must follow a "two-step process for evaluating a claimant's [own] assertions." *Id.* First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Id.* Second, "[i]f the claimant does suffer from such an impairment . . . the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id.* (cleaned up). That evidence includes the claimant's "own statements, the observations and opinions of . . . treating physicians, and the observations and opinions of other medical professionals who examined [the claimant] or reviewed his records." *Whipple v. Astrue*, 479 F. App'x 367, 370 (2d Cir. 2012).

If the claimant's subjective complaints are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 183. "That credibility inquiry implicates seven factors to be considered, including: (1) the claimant's daily

6

activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain" *Id.* at 184 n.1 (citing 20 C.F.R. §§ 404.1529(c)(3)(i)–(vii)).

Here, the ALJ's consideration of Castillo's credibility is supported by substantial evidence. The ALJ found that Castillo's "statements concerning the intensity, persistence and limiting effects" of her symptoms were not "entirely consistent with the medical evidence and other evidence in the record." CAR at 46. For example, Castillo's complaints were not consistent with the treatment record; her mental status examinations; the medical opinions of Drs. Goldstein, Kamin, Finegan, and Putcha; and Castillo's own reports of her daily activities, including cooking, cleaning, laundry, and shopping. *See Rutkowski v. Astrue*, 368 F. App'x 226, 230 (2d Cir. 2010) (affirming an ALJ's "credibility finding" in light of "substantial evidence . . . showing that [claimant] was relatively 'mobile and functional,' and that [his] allegations of disability contradicted the broader evidence"). "We have no reason to second-guess the credibility finding

7

in this case where the ALJ identified specific record-based reasons for [her] ruling." *Stanton v. Astrue*, 370 F. App'x 231, 234 (2d Cir. 2010).

## III.     Consideration of New Evidence

Castillo argues that remand is required for consideration of the opinion of Dr. Ryser, a psychologist who performed a consultative evaluation of Castillo in January 2022 after the ALJ's decision in this case.    We disagree.

The Appeals Council will grant review based on evidence that was not submitted to the ALJ if the evidence is new, material, relates to the period on or before the date of the hearing decision, there is a reasonable probability that the additional evidence would change the outcome of the decision, and the claimant shows good cause for not submitting or informing the agency about the evidence before the ALJ issued a decision.    20 C.F.R. §§ 404.970(a)(5)–(b), 416.1470(a)(5)–(b).    The Appeals Council denied Castillo's request for review because there was not a reasonable probability that the new evidence would change the ALJ's decision.    "When the Appeals Council denies review after considering new evidence, we simply review the entire administrative record, which includes the new evidence, and determine, as in every case, whether there is substantial evidence to support the decision of the [Commissioner]."    *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

Dr. Ryser's assessment was not materially different from the opinions of Dr. Perez and Ms. Rodriguez, which the ALJ evaluated.    The ALJ's decision is thus supported by substantial evidence, even accounting for Dr. Ryser's assessment.    "[R]emand is not required if

8

the . . . excluded evidence was essentially duplicative of evidence considered by the ALJ." *Ramsey v. Comm'r of Soc. Sec.*, 830 F. App'x 37, 40 (2d Cir. 2020) (cleaned up).

We have considered all of Castillo's remaining arguments and find them to be without merit.   For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
