Katherine A. McMANUS,
Plaintiff–Appellant,

v.

COMMISSIONER OF SOCIAL
SECURITY, Defendant–
Appellee.

No. 07–3698–cv.

United States Court of Appeals,
Second Circuit.

Oct. 29, 2008.

Katherine A. McManus, Batavia, NY, pro se.

Jane B. Wolfe, Assistant United States Attorney, Western District of New York, Karen T. Callahan, Special Assistant United States Attorney, Social Security Administration, Office of the General Counsel (on the brief), for Terrance P. Flynn, United States Attorney for the Western District of New York.

Present DENNIS JACOBS, Chief Judge, RICHARD C. WESLEY, Circuit Judge, and RICHARD J. ARCARA, District Judge.[1]

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Katherine A. McManus appeals *pro se* from an order entered August 9, 2007 by the United States District Court for the Western District of New York (Skretny, J.) affirming a decision of the Commissioner of Social Security ("Commissioner") which denied McManus's claim for disability insurance benefits under the Social Security Act. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal. McManus argues that the Administrative Law Judge ("ALJ") erred by

---

1. The Honorable Richard J. Arcara, District Judge, United States District Court for the Western District of New York, sitting by designation.

finding that she was not disabled and by refusing to admit certain evidence which she wanted to present on her own behalf.

When a district court reviews a determination of the Commissioner, we "review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Machadio v. Appfel,* 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 217, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

In this case, the ALJ determined that McManus's impairments of alopecia, rhinitis, fibromyalgia, endometriosis, and associated anxiety/depressive disorders, were not "severe" impairments within the meaning of the Social Security scheme. *See* 20 C.F.R. § 404.1520. He therefore denied McManus's application for benefits at step two of the Commissioner's five-step sequential review process. *See* 20 C.F.R. § 404.1520(a)(4)(ii); *see also Williams v. Apfel,* 204 F.3d 48, 49 (2d Cir.1999). Substantial evidence supports this decision.

In addition, we see no error in the ALJ's decision to exclude additional evidence proffered by McManus. That evidence pre-dated the time period the ALJ was required to consider under 20 C.F.R. § 404.1512(d) and, in any event, failed to establish that McManus's impairments were "severe" within the meaning of the Act.

We hereby **AFFIRM** the judgment of the district court.