24-1104
*Simpson v. Comm'r of Soc. Sec.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand and twenty-five.

PRESENT:    Steven J. Menashi,
            Eunice C. Lee,
                    *Circuit Judges*,
            Hector Gonzalez,
                    *District Judge.**

_____

ROBERT J. SIMPSON,

        *Plaintiff-Appellant*,

        v.                                          No. 24-1104

COMMISSIONER OF SOCIAL SECURITY,

        *Defendant-Appellee.*

_____

_____

* Judge Hector Gonzalez of the U.S. District Court for the Eastern District of New York, sitting by designation.

*For Plaintiff-Appellant*:     PETER A. GORTON, Lachman & Gorton, Endicott, New York.

*For Defendant-Appellee*:     MOLLY E. CARTER, Special Assistant United States Attorney (Suzanne M. Haynes, Acting Associate General Counsel, Social Security Administration, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cave, Mag. J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Robert J. Simpson applied for supplemental security income based on an alleged disability. An administrative law judge ("ALJ") at the Social Security Administration considered his medical records and various medical opinions to assess this claim. While the ALJ concluded that Simpson suffered from multiple impairments, he also found that Simpson had the residual functional capacity to perform light work involving simple, routine tasks and that Simpson could interact occasionally with supervisors and coworkers. Adopting the opinion of a vocational expert, the ALJ determined that the national economy contained a significant number of jobs suitable to Simpson's capacity and denied his application for benefits. Simpson challenged this result in the district court, which granted judgment on the pleadings to the Commissioner.

On appeal, Simpson argues that the ALJ's conclusions lack substantial evidence and that the record compels the conclusion that he is disabled. We

assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

**I**

Simpson argues that the ALJ's conclusion that he could perform light work and occasionally interact with coworkers and supervisors is not supported by substantial evidence. We disagree.

The Social Security Act provides for judicial review of final decisions by the Commissioner. *See* 42 U.S.C. § 405(g). But that review is limited. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." *Id.* We do not conduct a de novo review of the record to determine whether Simpson is disabled. *See Schillo v. Kijakazi*, 31 F.4th 64, 74 (2d Cir. 2022). Instead, we ask whether the Commissioner's decision is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009); *see Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). Once the Commissioner has made a factual finding, "we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks omitted).

Substantial evidence in the record supports the ALJ's finding that Simpson could engage in light work and occasionally interact with coworkers and supervisors. Analyzing Simpson's physical capacities, Dr. R. Uppal assessed that Simpson could occasionally lift twenty pounds, could frequently lift ten pounds, could stand or walk six hours a day, could sit for six hours a day, and could push or pull without limitation. Dr. Uppal also assessed that Simpson did not have any problems balancing and that he could stoop, kneel, crouch, and crawl frequently. Dr. M. Kirsch's separate analysis arrived at the same conclusions. And in his testimony before the ALJ, Dr. Ronald Kendrick said that Simpson could engage in

"light" work while avoiding environments with extreme temperatures or dangerous machinery. Admin. R. 955.

As for Simpson's mental capacity, the ALJ relied primarily on the opinions of Dr. M. Juriga, Dr. S. Bhutwala, and nurse practitioner Scott Rosman. Dr. Juriga found that Simpson did not have significant limitations on his ability to understand or to carry out simple instructions, and Simpson had only moderate limitations on his ability to concentrate for extended periods, to keep a schedule, and to interact appropriately with coworkers and supervisors. Dr. Bhutwala came to the same conclusions. And Rosman assessed Simpson as having at most a mild limitation on his ability to maintain a regular schedule and a moderate limitation when dealing with ordinary stressors in a work environment. A mental examination from a separate provider also noted that Simpson was cooperative, his social skills were adequate, and his thought processes were "goal directed." *Id.* at 813. In his personal life, Simpson lived with a roommate and later his girlfriend, attended anger management classes, attended college full time and earned straight As, spent time with his children, and showed success in using coping mechanisms to handle stress.

The records on which the ALJ relied provide substantial evidence for his finding that Simpson could perform light, routine tasks while occasionally interacting with coworkers and supervisors. *See Porteus v. O'Malley*, No. 23-969, 2024 WL 2180203, at *3 (2d Cir. May 15, 2024).

Nevertheless, Simpson points to various medical opinions and treatment records that suggest he had greater limitations than those assessed by the ALJ. But in his decision, the ALJ discussed this evidence at length and explained why he found it less persuasive than the evidence supporting Simpson's capacity for light work. As noted above, the ALJ's ultimate determination is supported by Simpson's treatment notes, daily activities, and the assessments by a nurse practitioner and multiple doctors. To the extent other evidence in the record might suggest a different conclusion, "we defer to the Commissioner's resolution of

4

conflicting evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012); *see also McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld."); *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) ("It is for the [Commissioner], not this court, to weigh the conflicting evidence in the record.").

Simpson may disagree with the ALJ's ultimate conclusion, but he has not demonstrated that "a reasonable factfinder" would be compelled to conclude from the record that he is disabled. *Schillo*, 31 F.4th at 74 (quoting *Brault*, 683 F.3d at 448).

**II**

Simpson argues that the ALJ erred by not discussing a treatment note from Dr. Linden Schild, one of his previous treating physicians. The note says that Simpson is "totally unable to interact constructively with supervisors, peers, coworkers, or the public." Admin. R. 303. The parties dispute whether the note records Simpson's own subjective self-assessment or Dr. Schild's evaluation of Simpson's limitations.

We need not resolve the dispute for two reasons. First, the treatment note is dated four-and-a-half years before the onset date in this case, which is well beyond the period the Commissioner typically considers when determining whether an applicant is disabled. *See* 20 C.F.R. § 416.912(b)(1); *McManus v. Comm'r of Soc. Sec.*, 298 F. App'x 60, 61 (2d Cir. 2008) (identifying "no error in the ALJ's decision to exclude additional evidence" because the evidence "pre-dated the time period the ALJ was required to consider"). Second, even if the ALJ were to credit the note as a medical opinion, we see "no reasonable likelihood" that the note "would have changed the ALJ's determination." *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010).

Simpson also challenges the ALJ's decision to adopt the opinions of the vocational expert. He argues that the expert's testimony was unreliable because it did not account for "the full extent of [Simpson's] limitation." Appellant's Br. 56. Because the ALJ's determination of Simpson's residual functional capacity is

supported by substantial evidence, his reliance on the vocational expert's testimony was proper. *See McIntyre*, 758 F.3d at 151 ("An ALJ may rely on a vocational expert's testimony regarding a hypothetical as long as there is substantial record evidence to support the assumptions upon which the vocational expert based his opinion.") (internal quotation marks and alteration omitted).

*　　*　　*

We have considered Simpson's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court